## Case No. 903.

### BANK OF THE METROPOLIS v. WALKER.

[2 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. April Term, 1822.

NEGOTIABLE INSTRUMENTS—TIME OF DEMAND— NOTICE TO INDORSER.

If payment of a promissory note be demanded of the maker on the third day of grace, after banking hours, and notice of the non-payment be given to the indorser on the next day, the demand is not too soon, nor the notice too late.

[See Bank of Alexandria v. Wilson, Case No. 856; Lenox v. Wright, Id. 8,249; Read v. Carberry, Id. 11,604.]

[At law. Action upon a contract of indorsement by the Bank of the Metropolis against Joseph Walker. Verdict was given for plaintiff, subject to the opinion of the court upon a case stated. Judgment is now given for plaintiff. Thereafter a rule upon the marshal to show cause why certain moneys levied by him upon the defendant's land in another action should not be paid in satisfaction of the judgment in this case was discharged in Bank of the Metropolis v. Walker, Case No. 904.]

Assumpsit against the last indorser of Toppan Webster's note for $1,000, due 10th, 13th January, 1819. All the parties lived near the Bank of the Metropolis, in the city of Washington. Payment was demanded of the maker, by a notary public, on the 13th of January, the last day of grace, after 3 o'clock P. M., and notice of non-payment was given to the defendant on the next day, viz: on the 14th of January. A verdict for the plaintiff was taken subject to the opinion of the court, upon the said facts, whether the demand and notice were competent and sufficient in law to charge the defendant in this action with the payment of the said sum of $1,000, in the said note mentioned. The note was not made payable at any bank, and it was proved to be the practice of some of the notaries in this district to give notice on the day of the demand of payment, and of others to give notice on the next day.

Mr. Jones, for the defendant, cited Chitty on Bills, 318, &c. The note must be paid on the three days of grace, when demanded. If not then paid it is dishonored, and notice should be given immediately. All the parties lived within a few minutes' walk of each other. Notice should be given on the same day. Tassell v. Lewis, 1 Ld. Raym. 743. In Lenox v. Roberts, 2 Wheat. [15 U. S.] 373, the supreme court of the United States said, that notice must be given by mail on the third day of grace. See, also, 6 East, 3; 15 East, 291; and Chit. Bills, (Ed. 1821, by Cary,) 401.

THE COURT stopped Mr. Lear, in reply, and said that the demand and notice were sufficient.

_____

## Case No. 904.

### BANK OF THE METROPOLIS v. WALKER.

[2 Cranch, C. C. 361.] [1]

Circuit Court, District of Columbia. Dec. Term, 1822.

JUDGMENT LIEN—PRIORITIES — SPECIAL VERDICT.

A judgment upon a special verdict, or upon a verdict subject to the opinion of the court upon a case stated, does not relate back to the date of the verdict, [rendered at a preceding term,] so as to overreach an intermediate judgment against the same defendant in another cause.

[At law. Action upon a contract of indorsement by the Bank of the Metropolis against Joseph Walker. Verdict was given for plaintiff, subject to the opinion of the court upon a case stated. Thereafter judgment was given for plaintiff. Bank of the Metropolis v. Walker, Case No. 903. The hearing is now upon a rule that the marshal show cause why he should not satisfy the judgment out of funds obtained by him by a levy upon another judgment against defendant's lands in favor of King and Langley. Rule discharged.]

The plaintiffs (the Bank of the Metropolis) obtained a verdict against the defendant

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

at October term, 1821, subject to the opinion of the court upon a case stated. Before any argument upon the points reserved, the cause was continued to April term, 1822, and argued on the 2d of May. and also on a subsequent day. The court, on the 7th of June, 1822, rendered judgment for the plaintiff upon the case stated.

In the intermediate time, viz. on the 24th of April, 1822, King and Langley recovered a judgment against the same defendant. (Joseph Walker,) and the marshal levied the fieri facias upon the defendant's land, and made the money. The Bank of the Metropolis obtained a rule upon the marshal to show cause why he should not pay over to that bank the money which he had thus made out of the defendant's real estate upon the fieri facias in favor of King and Langley, and upon the ground that the judgment in favor of the bank, upon the case stated, related back to the time of the finding of the verdict at October term, 1821, and overreached the judgment in favor of King and Langley, rendered on the 24th of April, 1822.

In support of this idea, Mr. Ashton, for the bank, cited the case of Perry v. Wilson, 7 Mass. 395, where a case was ordered by the court to stand over for advisement, and the defendant died. The court said that they would take care that the plaintiff should not suffer by the delay of the court, and ordered the judgment to be entered as of the preceding term.

Mr. Morfit, contra, cited Taylor v. Harris, 3 Bos. & P. 549, and Welsh v. Murray, 4 Dall. [4 U. S.] 320.

THE COURT discharged the rule, being of opinion that the judgment did not relate back to the verdict; no argument having been had upon the case stated, nor had it been submitted to the court before the cause was continued, by consent from October term, 1821, to April term, 1822. It was not continued under cur. ad. vult.